## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ROB SHORTESS, ET AL.**                          **CIVIL ACTION**

**VERSUS**                                        **NO. 22-538-SDD-RLB**

**VELOX EXPRESS, INC.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 30, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROB SHORTESS, ET AL.**                                              **CIVIL ACTION**

**VERSUS**                                                                          **NO. 22-538-SDD-RLB**

**VELOX EXPRESS, INC.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Remand. (R. Doc. 8). The motion is opposed. (R. Doc. 14). Because the Court possess subject matter jurisdiction, the Court recommends that Plaintiffs' Motion to Remand be denied.

**I.     Background**

Plaintiffs, Rob Shortess and Express Delivery, LLC, ("Express Delivery") filed a Petition for Declaratory Relief and Damages in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, against Velox Express, Inc. ("Velox"). (R. Doc. 1-1). Express Delivery and Velox both operate delivery and logistics services. (R. Doc. 1-1 ¶¶4, 6). In April 2019, Express Delivery and Velox entered into a "Strategic Partnership Agreement" (the "Agreement"). (*Id.* ¶7). Through the agreement, Velox acquired rights to Express Delivery's client base. (*Id.* ¶9). In return Express Delivery was to receive royalty payments. (*Id.*). Velox also hired Shortess, the sole member of Express Delivery, as a manager and agreed to pay him fees for any deliveries he made in addition to a salary. (*Id.* ¶¶16-17). Plaintiffs allege that Velox has not paid them funds owed under the Agreement and assert state law claims for breach of contract, fraud, unjust enrichment, violations of the Louisiana Wage Payment Act ("LWPA"), La. R.S. 23:631, *et seq.*, and violations of the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. 51:1401, *et seq*. (*Id.* ¶¶44-51). Plaintiffs additionally seek a declaratory judgment holding invalid, *inter alia*, the non-compete clause of the Agreement. (*Id.* at 11-12). Velox, in response, asserts state law

1

counterclaims that Plaintiffs failed to remit customers' payments owed to Velox under the Agreement. (R. Doc. 2 at 15 ¶15).

On August 8, 2022, Velox removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332 (R. Doc. 1).[1] The Parties do not dispute that complete diversity of citizenship exists. (*See* R. Docs. 8-1 at 1; 11 ¶4). Shortess, a citizen of Louisiana, is the sole member of Express Delivery, a limited liability corporation. (R. Docs. 1-1 ¶¶1-3; 11¶6). Velox is a citizen of Indiana. (R. Docs. 1-1 ¶5; 11 ¶7). With respect to the amount in controversy, Velox asserts that "it is facially apparent from the Petition" that the alleged damages exceed the required threshold. (R. Doc. 11 ¶9). Plaintiffs state that the amount in controversy does not exceed $75,000, and they move to remand. (R. Doc. 8).

## II.    Arguments of the Parties

Plaintiffs assert that Velox has failed to meet its burden of showing that the alleged damages exceed the amount in controversy requirement. (*Id.*). Velox's Amended Notice of Removal states, without further support, that "[i]t is facially apparent from the Petition that the requisite amount in controversy requirement is satisfied." (R. Doc. 11 ¶3). Plaintiffs counter that the amount in controversy for Shortess's claims is at most $38,571 plus attorney's fees, and the amount in controversy for Express Delivery's claims does not exceed $6,206.61 plus attorney's fees and punitive damages. (R. Doc. 8-1 at 5-6). Plaintiffs additionally state that Velox has not established the value of the requested declaratory judgments, but, regardless, the value of that relief does not exceed $40,000. (*Id.* at 15-18). First, in support of Shortess's claim for $38,571, he submitted an affidavit attesting that Velox owes him one week's wages totaling approximately $3,000. (R. Doc. 8-2 at 2). As LWPA authorizes the recovery of up to ninety days

---

[1] On August 26, 2022, the Court issued a *sua sponte* Order stating that the original Notice of Removal failed to properly allege the citizenship of Express Delivery by not identifying the members of the limited liability company. (R. Doc. 6). Accordingly, the Court ordered Velox to file an amended notice of removal providing the citizenship of Express Delivery. (*Id.*). On September 15, 2022, Velox filed an Amended Notice of Removal. (R. Doc. 11).

of wages, Shortess could recover $38,571 in damages based upon that rate of pay. (R. Doc. 8-1 at 13). Second, Shortess additionally attests that Velox owes Express Delivery $43,651.61 in unpaid royalties, but Plaintiffs maintain the amount in controversy for those claims only totals $6,206. (R. Doc. 8-2 at 1). Plaintiffs arrive at the lower amount in controversy for Express Delivery's claims by offsetting its claim of $43,651.61 in damages by Velox's counterclaim for $37,445 in damages.[2] (*Id.*). Finally, Shortess values at $40,000 his request for a declaratory judgment invalidating the Agreement's non-compete clause. (R. Doc. 8-1 at 18). Shortess reaches this conclusion by estimating his lost profit to be $20,000 per year. (*Id.*). Although the non-compete clause purportedly applies for ten years, Plaintiffs note that Louisiana law only enforces non-compete clauses for up to two years. (*Id.*). Plaintiffs do not expressly value their other claims for declaratory relief. As a result of these estimations, Plaintiffs assert that their claims do not meet the threshold to support diversity jurisdiction.

Velox counters that Shortess's affidavits establish that the amount in controversy exceeds $75,000. (R. Doc. 14 at 1). First, Velox notes that Shortess's affidavits claim that Express Delivery incurred $43,651.61 of damages under LUTPA for unpaid royalty fees. (*Id.*). Because LUTPA authorizes the recovery of treble damages and attorney's fees, Velox asserts that this claim alone satisfies the amount in controversy requirement. (*Id.* at 1). That amount may not be reduced by any counterclaims asserted by Velox. (*Id.* at 8). Second, Shortess's claim under LWPA exceeds the amount in controversy requirement. (*Id.* at 10-11). LWPA authorize an award of damages of approximately $38,571 plus attorney's fees. (*Id.* at 10). Velox asserts that those attorney's fees will "easily exceed" the jurisdictional threshold when combined with Shortess's other potential damages. (*Id.* at 11). Third, Velox asserts that the value of the declaratory relief should be measured by its expected lost revenue rather than lost profit. (*Id.* at

---

[2] Plaintiffs purportedly obtain this figure for Velox's counterclaims from emails with Velox. (*See* R. Doc. 8-2 at 1). Velox asserts that Express Delivery owes it "a considerably larger amount." (R. Doc. 14 at 8).

3

11-13). Therefore, Velox calculates, based upon royalty payments made to Express Delivery, that the value of the non-compete clause is $2,400,000 for ten years or $480,000 for two years. (*Id.* at 2-3). Since both Express Delivery and Shortess seek similar declaratory relief, Velox asserts that "the amount in controversy is satisfied as to both of them." (*Id.* at 11). When the value of the declaratory judgment is added to the alleged monetary damages, the amount in controversy for Shortess's claims allegedly exceeds the threshold.

### III. Law and Analysis

#### A. Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary

amount of damages sought in their petitions and are required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

**B.     Analysis**

The Court possesses subject matter jurisdiction based upon diversity of citizenship. *See* 28 U.S.C. § 1332(a). The Parties do not dispute that complete diversity of citizenship exists between the Parties. (*See* R. Docs. 8-1 at 1; 11 ¶4). Shortess is a citizen of Louisiana, and as Shortess is the sole member of Express Delivery, it also assumes Louisiana citizenship. (R. Doc. 11 ¶6). Velox is incorporated in and maintains its principal place of business in Indiana. (*Id.* ¶7). Therefore, it is a citizen of that state. 28 U.S.C. § 1332(c)(1). Accordingly, the sole issue before the Court is the amount in controversy.

Velox has not demonstrated that the amount in controversy is apparent on the face of the pleadings. Contrary to the Amended Notice of Removal, it is not facially apparent because the Petition does not provide any specifics regarding the value of the Agreement or the alleged damages arising from its breach. (*See* R. Doc. 1-1). Plaintiffs demand damages for royalty payments and fees withheld in violation of the Agreement. (*See id.* ¶21). None of the pleadings, however, indicate the amount of royalty payments and wages Velox allegedly owes to Plaintiffs. The Petition similarly lacks sufficient factual detail to approximate the value of the requested declaratory relief, the punitive damages, or the attorneys' fees. (*See id.*). The Petition does not offer any allegation that the alleged damages satisfy the amount in controversy requirement. (*See id.*).

Because the amount in controversy is not apparent on the face of the pleadings, the Court relies upon two affidavits filed by Shortess in support of Plaintiffs' Motion to Remand to determine the extent of Plaintiffs' alleged damages. (R. Doc. 8-2). Velox does not challenge the factual assertions in the affidavits. (*See* R. Doc. 14 at 7). When a petition does not include a specific monetary demand, the Court may consider "'summary judgment type evidence' of facts in controversy" that establish the amount in controversy. *Manguno*, 276 F.3d at 723. Such

6

evidence includes affidavits. *See* Fed. R. Civ. P. 56(c)(1)(A). Plaintiffs agree and assert that their affidavits "must be considered." (R. Doc. 8-1 at 10).

### 1. The Amount in Controversy for Shortess's Claims Exceeds $75,000

The affidavits of Shortess establish that his alleged damages satisfy the amount in controversy requirement. Including both his claims for monetary damages and declaratory judgments, his alleged damages amount to at least $78,571.43. (*See* R. Doc. 8-2). Shortess's claim to monetary damages arises from Velox's refusal to pay him $3,000 in wages earned during his final week of employment. (R. Doc. 8-1 at 12-13). LWPA authorizes the recovery of "ninety days wages at the employee's daily rate of pay" and reasonable attorney fees for any refusal made in bad faith to pay an employee's wages following their discharge from employment. La. R.S. 23:632. Shortess states that, at his rate of $3,000 per week, this provision allows him to recover of up to $38,571.43 plus reasonable attorney's fees. (R. Doc. 8-1 at 13).

Shortess additionally values the requested declaratory judgment regarding the Parties' non-compete clause at $40,000. (*Id.* at 18). "In an action for declaratory relief the amount in controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'" *Hartford Ins. Grp. V. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983)). In other words, "the amount in controversy is measured by the value of the object of the litigation." *La. Indep. Pharm. Ass'n v. Express Scripts, Inc.*, 41 F.4th 473, 479 (5th Cir. 2022) (quoting *Hunt v. Wash. State. Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). Here, that object of the litigation is the Parties' non-compete covenant. Generally, "[w]hen a business is threatened… by breach of a covenant not to compete—the stated rule is that the amount in controversy in an action for injunctive or declaratory relief is the difference between the value of the business… with the covenant, and its value… subject to the breach of the covenant." 14AA Charles Alan Wright & Arthur R. Miller,

7

*Federal Practice and Procedure* § 3708 (4th ed. 2022). Shortess assesses the value of the non-compete clause by estimating his expected loss in profit if the clause is enforced. (R. Doc. 8-1 at 15-18). Shortess attests that during his employment "he did not earn from Express Delivery, or take draws, in excess of $20,000/year." (R. Doc. 8-2 at 2). Because Louisiana law limits the term of the non-compete clause to two years, Shortess attests that "the maximum amount at issue is $40,000." (R. Doc. 8-1 at 18). Velox counters that the non-compete clause is worth $20,000 per month and that the terms of the contract apply for ten years. (R. Doc. 14 at 2-3). Velox arrives at that valuation by relying upon royalty payments to estimate the amount of revenue Plaintiffs earned for the partnership. (*Id.*). Using either Party's valuation of the covenant not to compete, the total amount in controversy for the aggregate of Shortess's claims exceeds $75,000.

Generally, a single plaintiff may aggregate all of their claims against a defendant to satisfy the amount in controversy requirement. *See Diefenthal v. Civ. Aeronautics Bd.*, 681 F.2d 1039, 1053 n.15 (5th Cir. 1982) ("Each of the Diefenthals may aggregate his tort and contract claims in order to satisfy the $10,000 jurisdictional minimum."); *see also Cargill, Inc. v. Clark*, No. 14-233, 2015 WL 4715010, at *3 (M.D. La. Aug. 7, 2015). Aggregating Shortess's claim for $38,571.43 in monetary damages under LWPA with his $40,000 valuation of the non-compete clause leads to a total amount in controversy of over $75,000 for his claims. Accordingly, the Court has subject matter jurisdiction over all of Shortess's claims regardless of the value of his other claims.

### 2. The Court Exercises Supplemental Jurisdiction Over Express Delivery's Claims

The Court also possesses subject matter jurisdiction over Express Delivery's claims. Velox asserts that both the potential damages from the alleged violation of LUTPA and the value of the declaratory relief satisfy the amount in controversy requirement. (R. Doc. 14 at 1-3). Express Delivery states a claim for unpaid royalties under LUTPA. (R. Doc. 1-1 ¶49). Shortess,

8

as the managing member of Express Delivery, attests that Velox owes Express Delivery $43,651.61. (R. Doc. 8-2 at 1). LUTPA authorizes the recovery of treble damages and attorney's fees. La. R.S. 51:1409(a). Therefore, Velox states that the amount in controversy under the LUTPA claim is $130,954.83 plus attorney's fees. (R. Doc. 14 at 7). Velox does not state the value of the attorney's fees. (*See* R. Docs. 11, 14). Regarding declaratory relief, Velox states that the amount in controversy for Express Delivery matches the amount in controversy for Shortess. (R. Doc. 14 at 11). Velox calculates the amount in controversy by estimating the value of the restrictive covenants to it. (*Id.*). Therefore, since Plaintiffs seek relief from the same covenants, the amount in controversy is purportedly at least $480,000 as to each of them. (*Id.*). Express Delivery asserts that, when measured from its perspective, the restrictive covenants have no value because it incurred a loss in the year prior entering into the Agreement. (R. Doc. 8-1 at 15, 18).

      LUTPA's authorization of punitive damages does not automatically increase the amount in controversy over the $75,000 threshold. LUTPA provides that a party may recover treble damages if "the unfair or deceptive method, act, or practice was knowingly used, after being put on notice by the attorney general." La. R.S. 51:1409(a). No Party disputes the applicability of the punitive damages provision to Express Delivery's claims. (*See* R. Docs. 8-1 at 14; 14 at 1-2). Despite the Parties' agreement, the Court has an independent responsibility to ensure that it possesses subject matter jurisdiction. *See Midcap Media Fin., L.L.C. v. Pathway Data Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). The face of the pleadings does not contain any allegations that the attorney general put Velox on notice about an unfair or deceptive method, act, or practice. (*See* R. Doc. 1-1). Without prior notice to Defendant by the attorney general, Express Delivery may not recover treble damages. *See Cheramie, Serv., Inc. v. Shell Deepwater Prod., Inc.*, 35 So. 3d 1053, 1058 (La. 2010).

Regardless of the applicability of punitive damages or the proper value of the restrictive covenants, the Court may exercise supplemental jurisdiction over Express Delivery's claims under 28 U.S.C § 1367. Section 1367 confers jurisdiction over all claims "that form part of the same case or controversy." 28 U.S.C. § 1367(a). Claims form part of the same case or controversy when they "derive from a common nucleus of operative fact." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). Here, both Plaintiffs' claims arise from disputes over the terms of the Agreement, their joint performance under the Agreement, and the dissolution of their partnership with Velox. Therefore, the claims are sufficiently related to confer supplemental jurisdiction. The Court may rely upon Section 1367 to establish supplemental jurisdiction even if the value of Express Delivery's claims does not meet the amount in controversy threshold. *See Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 558-59 (2005). Accordingly, the Court has jurisdiction over Express Delivery's claims regardless of the amount in controversy as to those claims.

**IV.    Conclusion**

Based on the foregoing, **IT IS RECOMMENDED** that the Motion to Remand (R. Doc. 8) be **DENIED.**

Signed in Baton Rouge, Louisiana, on November 30, 2022.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**